Patrick M. Flatley
United States Bankruptcy Judge

Dated: Monday, January 09, 2017 9:48:03 AM

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: ) | |
| ) | |
| RAYMOND E. HOAK, ) | Case No. 16-bk-170 |
| ) | |
| Debtors. ) | Chapter 7 |
| _____ ) | |
| ) | |
| MARY JACQUES, as Administratrix of ) | |
| the Death Estate of Larry G. Hose, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 16-ap-32 |
| ) | |
| RAYMOND E. HOAK, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **MEMORANDUM OPINION**

Mary Jacques, the administratrix of her deceased son's death estate (the "Plaintiff"), seeks summary judgment on her complaint objecting to the dischargeability of the civil judgment obtained by her against Raymond E. Hoak (the "Debtor") resulting from the Debtor's shooting and killing of Larry G. Hose. She asserts that findings made by the Circuit Court of Jefferson County, West Virginia (the "State Court") should have preclusive effect here and support summary judgment in her favor on her claim under § 523(a)(6) of the Bankruptcy Code. The Debtor opposes summary judgment based primarily on the argument that the State Court's findings, in conjunction with both his criminal conviction and the civil judgment, are not entitled to preclusive effect and are insufficient to support summary judgment based on issue preclusion.

For the reasons stated herein, the court will grant the Plaintiff's motion for summary judgment.

1

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw,* 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

## II. BACKGROUND

On February 9, 2003, the Debtor shot and killed Mr. Hose. The State Court subsequently convicted the Debtor of voluntary manslaughter. In conjunction with its conviction of the Debtor, the State Court rejected the Debtor's assertion that the shooting was an act of self-defense. Specifically, the court found that the Debtor "enter[ed] a deadly weapon into [a fist

fight] and [shot] the victim, Larry Hose. That is the unlawful killing of an unarmed man, and the Law does not recognize such as self-defense."

At some point thereafter, the Plaintiff instituted a civil action against the Debtor asserting that he caused the wrongful death of Mr. Hose. Ultimately, the State Court found the Debtor liable in that regard and awarded damages to the Plaintiff, including $904,904.00 in compensatory damages and $300,000.00 in punitive damages. In conjunction with its issuance of punitive damages, the State Court found that the Debtor's "actions evidenced a criminal indifference to civil obligations and willful disregard for the rights of Mr. Hose."

### III. ANALYSIS

The Plaintiff asserts that she is entitled to summary judgment on her claim that the civil judgment she obtained against the Debtor is nondischargeable under § 523(a)(6) of the Bankruptcy Code. In support of her request in that regard, she contends that the State Court's findings, which she asserts are entitled to preclusive effect in this proceeding, adequately support a finding that the civil judgment is a debt arising from the Debtor's willful and malicious injury of Mr. Hose. The Debtor contends that the State Court's findings are not entitled to preclusive effect.

Exceptions to discharge under § 523 are construed narrowly in favor of providing debtors with a fresh start, *see Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999), and the Plaintiff bears the burden of demonstrating by a preponderance of the evidence that the Debtor's debt is nondischargeable under §523(a)(6). *Grogan v. Garner*, 498 U.S. 279, 291 (1991) (holding that the standard of proof for the dischargeability exceptions in § 523(a) is the preponderance-of-the-evidence standard).

Section 523(a)(6) provides that a discharge in bankruptcy does not apply to any debt that arises from the "willful and malicious injury by the debtor to another entity or to the property of another entity." § 523(a)(6). The test is conjunctive—the debtor's conduct must be both willful and malicious. *E.g., In re Miera*, 926 F.2d 741, 743 (8th Cir. 1991) (noting that willful and malicious are distinct elements of § 523(a)(6) exception to discharge). For a debt to be excepted from a debtor's discharge under § 523(a)(6), "the plaintiff must prove three elements by a preponderance of the evidence: (1) that the defendant's actions caused an injury to the plaintiff's person or property, (2) that the defendant's actions were willful, and (3) that the defendant's actions were malicious." *In re Raeder*, 409 B.R. 373, 383 (Bankr. N.D.W. Va. 2009).

The exception to discharge under § 523(a)(6) is associated with the law of intentional torts, and conduct that is negligent or reckless remains dischargeable. *Kawaauhau v. Geiger*, 523 U.S. 57, 60 (1998). The acts done must be with actual intent to cause injury. *Id*. at 61 ("[N]ondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.") (emphasis in original). An intentional act alone "does not necessarily mean that he acted willfully and maliciously for purposes of § 523(a)(6)." *Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 728 (4th Cir. 2006). For an injury to be "willful," the debtor must actually intend to cause injury. This sort of intentional conduct includes those actions where the debtor knows the consequences flowing from the alleged act are certain, or are substantially certain to occur. *See Barclays American/Business Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 881 (8th Cir. 1985).

"Malicious" under § 523(a)(6) means that the debtor's act was committed "deliberately and intentionally in knowing disregard of the rights of another." *First Nat'l Bank v. Statnley (In re Stanley)*, 66 F.3d 664, 667 (4th Cir. 1995) ("As used in section 523(a)(6), malicious means wrongful and without just cause or excessive even in the absence of personal hatred, spite, or ill-will.") (internal quotation omitted). Debtors may act with malice even if they do not have "subjective ill will toward" and do not intend to injure their creditor. *In re Stanley*, 66 F.3d at 667. Because a debtor will rarely, if ever, admit to acting in a willful and malicious manner, those requirements may be inferred from the circumstances surrounding the injury at issue. *E.g., St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir. 1985) ("Implied malice, which may be shown by the acts and conduct of the debtor in the context of their surrounding circumstances is sufficient under 11 U.S.C. § 523(a)(6).").

Here, the Plaintiff asserts that the State Court's findings, which she asserts support nondischargeability under § 523(a)(6), are entitled to preclusive effect in this proceeding. Specifically, the Plaintiff relies, among other things, on the State Court's findings that "[the Debtor] shot and killed decedent Larry Hose;" "[a]s a matter of law, [the Debtor's] actions breached a duty, which breach proximately caused Larry Hose's death;" and that the Debtor's actions "evidenced a criminal indifference to civil obligations and willful disregard for the rights of Mr. Hose." The Debtor asserts that the State Court's findings in its civil judgment order are not entitled to preclusive effect because the order is essentially a default judgment based upon his nonparticipation.

The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to a state-court judgment as another court of that State would give." *Donham v. Walters (In re Walters)*, Adv. No. 10-93, 2011 WL 22246166, at *2 (Bankr. N.D.W. Va. June 7, 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)). The "preclusion doctrine encompasses two strands: res judicata and collateral estoppel." *Walters* 2011 WL 22246166, at *2 (quoting *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008)). "Collateral estoppel[,] or issue preclusion, bars litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Id.* (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Issue preclusion requires "that the first judgment be rendered on the merits and be a final judgment by a court having competent jurisdiction over the subject matter and the parties." Syl. Pt. 3, *Conley v. Spillers*, 301 S.E.2d 216, 217 (W. Va. 1983). Specifically, an issue is precluded from relitigation when:

> (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl. Pt. 1, *State v. Miller*, 459 S.E.2d 114, 117 (W. Va. 1995). To be clear, "a default judgment is equivalent to a final judgment on the merits." *Stillwell v. City of Wheeling*, 558 S.E.2d 598, 605 (W. Va. 2001) (citation omitted).

Based upon the preceding discussion, the court finds that the State Court's findings are entitled to preclusive effect in this proceeding and that such findings sufficiently establish that the judgment at issue here is the result of a "willful and malicious injury" by the Debtor to the Plaintiff. Specifically, the State Court found that the Debtor was liable to the Plaintiff because he shot and killed Larry Hose. Moreover, the State Court found that the Debtor's action in that regard "evidenced a criminal indifference to civil obligations and willful disregard for the rights of Mr. Hose." Although the exception to discharge under § 523(a)(6) is generally associated with intentional torts, it includes actions where the debtor knows the consequences flowing from the alleged act are certain, or are substantially certain to occur. *In re Long*, 774 F.2d at 881. The court thus finds that the State Court's finding sufficiently supports the conclusion that the Debtor willfully injured the Plaintiff. Similarly, the court finds that the same finding also leads to the inexorable conclusion that the Debtor maliciously injured the Plaintiff because no just cause

5

existed for the shooting of Mr. Hose, particularly in light of the State Court's rejection of the Debtor's assertion that he acted in self-defense.

## IV. CONCLUSION

Based upon the analysis contained herein, the court finds that the State Court judgment against the Debtor is nondischargeable in bankruptcy under § 523(a)(6) of the Bankruptcy Code. Pursuant to Fed. R. Civ. P. 58, made applicable here by Fed. R. Bankr. P. 7058, the court will enter a separate order granting the Plaintiff's motion for summary judgment.